# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. DIANE RECTOR,<br>      Petitioner,<br><br>    v.<br><br>NATIONAL CREDIT UNION<br>  ADMINISTRATION,<br>      Agency. | DOCKET NUMBER<br>CB-1208-16-0012-U-2<br><br><br>DATE: March 7, 2016 |

# THIS STAY ORDER IS NONPRECEDENTIAL[*]

Leslie K. Williamson, Esquire, and Malvina Winston, Esquire, Washington, D.C., for the petitioner.

Peter B. Broida, Esquire, Arlington, Virginia, for the relator.

Scott E. Schwartz, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER ON STAY REQUEST

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the agency's

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal of the relator, Diane Rector. For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through May 13, 2016.

## BACKGROUND

¶2    On January 29, 2016, Chairman Susan Tsui Grundmann granted OSC's initial request for a 45-day stay of Ms. Rector's removal. MSPB Docket No. CB-1208-16-0012-U-1, Stay Request File (SRF), Tab 6. On February 25, 2016, OSC filed a timely request to extend the stay for an additional 60 days. MSPB Docket No. CB-1208-16-0012-U-2, Stay Request Extension File (SREF), Tab 1. The agency has filed a timely response, SREF, Tab 3, and Ms. Rector has filed a reply, SREF, Tab 2.

## ANALYSIS

¶3    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id*. In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id*. at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶4    In its initial stay request, OSC alleged that Ms. Rector disclosed to her second-level supervisor that she believed he had a conflict of interest regarding some of his job duties, and advised him to discuss the matter with the agency's Office of General Counsel. SRF, Tab 1 at 6-7. Shortly thereafter, the agency disqualified Ms. Rector's second-level supervisor from the duties implicated in this alleged conflict of interest. *Id*. at 7. Afterwards, the agency subjected Ms. Rector to several performance-based personnel actions, including a lowered

performance evaluation and placement on a performance improvement plan. *Id*. The agency then proposed Ms. Rector's removal, during the pendency of which OSC sought a stay of the removal, which Chairman Grundmann granted for a period of 45 days. SRF, Tabs 1, 6.

¶5    In its request for an extension, OSC asserts that, 4 days after the Board granted the initial stay request, it reassigned this case to another attorney, who has begun, but has not yet completed, her investigation into this matter. SREF, Tab 1 at 2-3. OSC asserts that it is currently drafting a request for information and documents under 5 C.F.R. § 5.4, which it plans to issue within the next 2 weeks. SREF, Tab 1 at 2. After the agency responds, OSC may need to schedule and conduct witness interviews, and if necessary, request additional information based on these interviews. *Id*. After assessing the evidence, OSC will require additional time to attempt an informal resolution, prepare a report, or close the case as appropriate. *Id*. OSC represents that there has been no change in the evidentiary record during the initial stay period. *Id*. at 3. Under the specific circumstances of this case and in light of the fact that the evidentiary record supporting OSC's initial stay request has not changed since Chairman Grundmann granted the initial stay, we find it appropriate to extend the stay until May 13, 2016. *See Special Counsel ex rel. Waddell v. Department of Justice*, 103 M.S.P.R. 372, ¶ 5 (2006).

¶6    The agency has filed a limited opposition to the stay extension request. SREF, Tab 3. Specifically, it argues that a proposed removal is not a "personnel action" within the meaning 5 U.S.C. § 2302(a)(2)(A), and is therefore not subject to the Board's stay authority under 5 U.S.C. § 1214(b)(1). SREF, Tab 3 at 3-5. We disagree.

¶7    Under 5 U.S.C. § 1214(b)(1)(A), a Board member has the authority to order a stay of any personnel action if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. A removal is a personnel action

under 5 U.S.C. § 2302(a)(2)(A), and there is no question that a proposal to remove constitutes a threat to take a personnel action under section 2302(b)(8). Under the circumstances of this case, the proposed removal constitutes "an action under chapter 75 of this title or other disciplinary or corrective action" under 5 U.S.C. § 2302(a)(2)(A)(iii) and therefore is a personnel action subject to the Board's stay authority. *See* 5 U.S.C. § 1214(b)(1)(A); *cf. Special Counsel v. Internal Revenue Service*, 65 M.S.P.R. 146 (1994) (granting a stay of the agency's placement of an employee on administrative leave while a notice of proposed removal was pending). Thus, the proposed removal is in the nature of a chapter 75 action and one falling within the coverage of 5 U.S.C. § 2302(a)(2)(A)(iii). *See Caddell v. Department of Justice*, 52 M.S.P.R. 529, 532 (1992) ("[O]ther" disciplinary or corrective action must be in the nature of a chapter 75 action to fall within the coverage of 5 U.S.C. § 2302(a)(2)(A)(iii)).

¶8        Moreover, a stay of Ms. Rector's proposed removal is necessary to achieve the purpose of a stay, that is, to preserve the status quo ante and minimize the adverse consequences of a prohibited personnel practice while the dispute is being resolved. *Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993). Although there may be some circumstances that would permit less than a complete return to the status quo, the agency has not suggested any here. The proposal notice is part and parcel of a chapter 75 action and is therefore encompassed in this stay order.

¶9        The agency also argues that directives 2 and 3 of the initial stay order are inconsistent. These directives read as follows:

> (2) Ms. Rector shall remain in her current position, at the same location, with the same duties and responsibilities, and at the same salary and grade level;

> (3) The agency shall not effect any change in Ms. Rector's duties and responsibilities that is inconsistent with her salary or grade level or impose upon her any requirement that is not required of other employees of comparable position, salary, or grade level.

SRF, Tab 6, ¶ 12.  The agency seeks clarification as to whether it may reassign time-sensitive duties currently assigned to Ms. Rector and assign her other work consistent with her grade and salary.  SREF, Tab 3 at 6.

¶10      The Board's regulations do not provide for a request for clarification of the Stay Order outside of enforcement proceedings.  *See generally* 5 C.F.R. §§ 1201.134-.136.  If OSC believes that the agency is not in compliance with the Board's Order, it will so inform the agency and may file a petition for enforcement with the Board if necessary.  5 C.F.R. § 1201.182(b).

## ORDER

¶11      Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED.  It is hereby ORDERED that:

(1)  The terms and conditions of the stay issued on January 29, 2016, are extended through and including May 13, 2016;

(2)  Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3)  Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before April 28, 2016.  *See* 5 C.F.R. § 1201.136(b).  Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be

received by the Clerk of the Board, together with any evidentiary support, before May 5, 2016.  *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                             _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.